**Robert HALL, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Charles N. Goddard, Assistant Division Director, Division of Hazardous Waste Remediation; Edward R. Belmore, Chief, Bureau of Western Remedial Action; and Guy T. Bobersky, Acting Chief, Remedial Section C, Defendants.**

**No. 89–CV–1033.**

United States District Court, N.D. New York.

Dec. 18, 1989.

Robert Hall, Schenectady, N.Y., plaintiff, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y., Albany, N.Y., for defendants (Kathy A. Ahearn, Asst. Atty. Gen., of counsel).

MEMORANDUM–DECISION
AND ORDER

McCURN, Chief Judge.

*Background*

Plaintiff Robert L. Hall ("Hall") is an employee of defendant New York State Department of Environmental Conservation ("DEC"). During the course of his employment at the DEC, the plaintiff maintains that the DEC, and numerous other DEC employees, denied Hall a promotion to the position of senior sanitary engineer on

the basis of his race, and that these same parties subjected plaintiff to racial slurs and harassment.

As a result of this alleged unlawful conduct, Hall filed a complaint with the Equal Employment Opportunity Commission (E.E.O.C.), alleging that he "was denied promotion to the position of sanitary engineer, although I was informed that I was the most qualified for the position." This complaint received an E.E.O.C. "charge number" of 165890126.

On May 25, 1989, Hall received a right to sue letter from the E.E.O.C. concerning this discrimination complaint. The letter provided, in pertinent part:

> the Commission has determined that it will not be able to investigate and conciliate [charge number 165890126] within 180 days of the date the Commission assumed jurisdiction over that charge.... [Y]ou are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964....

Plaintiff has commenced an action in connection with the above mentioned conduct, civil number 89–CV–905, which is now pending before Judge McAvoy of the Northern District of New York.

On August 25, 1989, the plaintiff filed another complaint with the E.E.O.C. This complaint, which received a "charge number" of 165890244, alleges:

> On January 31, 1989, I filed Charge No. 165890126 alleging racial discrimination by the [DEC]. In April, 1989, I was given a less than satisfactory probation evaluation for the period April 27, 1989 to July 19, 1989. I believe I was given this poor evaluation in retaliation for having filed a charge of employment discrimination....

The same day plaintiff filed this second complaint with the E.E.O.C., Hall commenced the instant action, alleging that the DEC, along with co-defendants Charles N. Goddard, Edward R. Belmore, and Guy T. Bobersky, violated Hall's civil rights contrary to 42 U.S.C. §§ 1981, 1983 and 2000e.[1] The plaintiff never received a right to sue letter from the E.E.O.C. regarding this retaliation charge.

Before this court is defendants' rule 12(b)(1) motion to dismiss plaintiff's 42 U.S.C. § 2000e retaliation claim for lack of subject matter jurisdiction, based on plaintiff's failure to obtain a right to sue letter from the E.E.O.C. prior to commencing the instant action.

### Discussion

(a) Plaintiff's retaliation claim.

Hall's second complaint with the E.E.O.C., as well as his complaint in the instant action, alleges that the defendants gave Hall a "poor" job evaluation in retaliation for having filed a charge of employment discrimination in violation of 42 U.S.C. § 2000e–3. This section provides, in part:

> (a) It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title [42 U.S.C. §§ 2000e–2000e–17].

This "retaliation claim" is separate and distinct from Hall's first E.E.O.C. complaint, wherein Hall alleges that totally different defendants violated his civil rights contrary to 42 U.S.C. § 2000e–2[2] by not promoting Hall to the position of senior sanitation engineer.

Thus, this court must determine whether it has subject matter jurisdiction over plaintiff's "retaliation claim" despite the plaintiff's failure to first obtain a right to sue letter from the E.E.O.C.

(b) The E.E.O.C.'s "right to sue" letter.

Before a plaintiff may bring an action under Title VII of the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e, a plaintiff must first obtain a right to sue letter from the E.E.O.C. In *Sheehan v. Purolator Courier Corp.*, 676

---

**1.** Plaintiff's complaint, ¶ 2.

**2.** 42 U.S.C. § 2000e–2 forbids discrimination on the part of an employer because of, *inter alia,* an employee's race.

F.2d 877 (2d Cir.1981), *cert. denied* — U.S. ——, 109 S.Ct. 226, 102 L.Ed.2d 216 (1988), the Second Circuit held:

> it is undisputed that a right to sue letter is a jurisdictional prerequisite to a suit seeking adjudication of the merits of a complainant's Title VII claim. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973).

*Sheehan* 676 F.2d at 881. *See also Snead v. Burstein,* 635 F.Supp. 808, 813 (N.D.N.Y.1986) (Munson, J.) ("Further action on the merits [of plaintiff's Title VII claim] will require satisfying the jurisdictional prerequisite of a right-to-sue letter from the Equal Employment Opportunity Commission.")

The only exception to this requirement is when the two E.E.O.C. charges are "reasonably related" to one another. *Stewart v. United States I.N.S.,* 762 F.2d 193, 198 (2d Cir.1985).

In *Almendral v. New York State Office of Mental Health,* 743 F.2d 963 (2d Cir. 1984), the Second Circuit, in finding the plaintiff's additional claims "reasonably related" to original charges previously filed with the E.E.O.C., noted that:

> [i]n the instant case, defendants' alleged subsequent acts are essentially the same as the earlier allegedly wrongful conduct contained in the E.E.O.C. complaint.... [T]he additional allegations all address the same alleged course of discrimination as that contained in the original complaint.

*Id.* at 967.

Plaintiff Hall has filed two distinct charges with the E.E.O.C. In his first charge, he alleges that numerous defendants discriminated against him by denying him a job promotion. In this complaint, the defendant names the DEC and fourteen (14) individual defendants.

In his second complaint with the E.E.O.C., the plaintiff alleges that the DEC and three (3) individual defendants retaliated against Hall's previous filings with the E.E.O.C. by giving Hall a poor job evaluation.

None of the individual defendants in Hall's first complaint with the E.E.O.C. are named defendants in Hall's second charge filed with the E.E.O.C.

Accordingly, this court finds that the two charges are not "reasonably related" so as to remove Hall's complaint from the general rule which requires plaintiffs in a Title VII case to obtain a right to sue letter from the E.E.O.C. before commencing an action in federal district court.

To find otherwise would be contrary to the purpose behind the exhaustion requirement, which is "to give the administrative agency the opportunity to investigate, mediate, and take remedial action" concerning a plaintiff's charge of discrimination before initiating a Title VII claim in federal court. *Stewart, supra,* 762 F.2d at 198.

### Conclusion

The plaintiff has never received a right to sue letter from the E.E.O.C. concerning his retaliation claim, which is the basis of the instant action. A right to sue letter from the E.E.O.C. is a jurisdictional prerequisite for a Title VII case properly before a federal district court. *Sheehan, supra,* 676 F.2d at 881, *Snead, supra,* 635 F.Supp. at 813.

The plaintiff's first complaint with the E.E.O.C. alleges discrimination on the part of fourteen (14) individuals, none of whom are defendants in the instant action; therefore the two complaints are not "reasonably related" to one another.

Since Hall commenced this Title VII claim before receiving a right to sue letter from the E.E.O.C., the defendants' motion to dismiss this claim without prejudice, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is hereby granted.

IT IS SO ORDERED.